■ MARILYN DOMROE, Respondent, v. LOUIS KESSLER et al., Defendants, and SOLOMON B. TERKELTOUB, Appellant.— In an action by a widow against an insurance company and the named beneficiary of a $6,000 insurance policy issued upon the life of plaintiff's deceased husband, to declare plaintiff entitled to its proceeds for the use and benefit of the three infant issue of the marriage, plaintiff's attorney appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated March 15, 1961, as directed the payment to him of the sum of $1,000 for his services in obtaining virtually full

relief for the plaintiff after trial, the entry of judgment in her favor and an appeal therefrom, and after effectuating a settlement during the pendency of such appeal. On this appeal plaintiff's attorney contends that the allowance to him of $1,000 is inadequate. Plaintiff herself has appeared in person and has consented in writing to an award to her attorney (appellant) of a sum equal to one third of the proceeds now on deposit with the Treasurer of the City of New York. Order, insofar as appealed from, modified on the facts and in the exercise of discretion so as to allow to appellant for his services the sum of $2,000, inclusive of disbursements, payable out of the fund now on deposit with the Treasurer of the City of New York. As so modified, order, insofar as appealed from, affirmed, without costs. In our opinion, the award of $1,000 was inadequate. Under all the circumstances here, we believe that appellant's fee, in accordance with the statutory mandate of "suitable" compensation (Judiciary Law, § 474), should have been fixed more nearly at the usual and customary level approximating one third of the gross recovery (cf. *Liss* v. *McCrory Stores Corp.*, 7 A D 2d 738). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.